**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| CARREN STRATFORD, by Next Friend Jackson Nyamwaya<br>*Plaintiff,*<br><br>vs.<br><br>THYSSENKRUPP ELEVATOR CO. and RANDAL J. MASON.<br>*Defendants.* | §§§§§§§§§§§§ | CIVIL ACTION NO. 4:19-CV-00706 |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants thyssenkrupp Elevator Co. ("TKE") and Randal J. Mason ("Mason") (collectively, "Defendants") file this Notice of Removal for the purpose of removing this action from the 17th Judicial District Court, Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, on the ground that the federal district court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

### I.  STATE COURT ACTION

1. On August 6, 2019, Plaintiff Carren Stratford ("Plaintiff" or "Stratford") filed her First Amended Petition for Damages, Jury Demand, and Request for Disclosures (the "Petition") in the 17th Judicial District Court, Tarrant County, Texas, styled: *Carren Stratford, by Next Friend Jackson Nyamwaya v. Thyssenkrupp Elevator Co. and Randal J. Mason*, No. 017-308007-19 (the "State Court Action"). TKE first received a copy of the Petition on August 6, 2019. Ex. B-12.

1

2.      Although Plaintiff's Petition is titled a "First Amended Petition," it is the initial pleading setting forth any claim for relief upon which the State Court Action is based. Prior to the filing of the Petition, Plaintiff had initiated a Rule 202 proceeding under the same cause number in the State Court Action. Ex. B-4; *see* Tex. R. Civ. P. 202.  A Rule 202 request asserts no claim or cause of action upon which relief can be granted, and therefore is not removable under the plain language of 28 U.S.C. § 1446(b).  *See, e.g.*, *McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 567-69 (E.D. Tex. 2000); *Mayfield–George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000) (stating that a Rule 202 petition is not removable because it "asserts no claim or cause of action upon which relief can be granted," and instead, "simply seeks an order authorizing a deposition pursuant to the Texas Rules of Civil Procedure"); *see also In re Johnson*, No. 3:13-CV-00231, 2013 WL 4459021, at *2 (S.D. Tex. Aug. 15, 2013) (concluding that a Rule 202 proceeding cannot "satisfy the amount-in-controversy" requirement); *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 530 (N.D. Tex. 2009) (recognizing that "[t]he majority of Texas courts that have considered whether a Rule 202 proceeding is removable have held that it is not" and citing numerous cases).  TKE has not been formally served with the Petition; nor was it formally served with the Rule 202 Proceeding.[1]  TKE did receive a copy of the Petition on August 6, 2019.  Thus, at the very earliest, the deadline for TKE to remove this action is September 5, 2019. This Notice of Removal is thus timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).  Defendant Mason was served with a copy of the Petition on August 13, 2019.

3.      In the State Court Action, Plaintiff seeks monetary damages for medical expenses, physical impairment, disfigurement, loss of earnings, physical pain and suffering, and

---

[1] The thirty-day deadline for removal is measured from the "the date on which [defendant] is formally served with process." *See* 28 U.S.C. § 1446(b)(1); *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).

mental anguish, which Plaintiff alleges were caused by Defendants' negligence. Ex. B-12, ¶ 17. Plaintiff is seeking monetary relief in excess of $1 million. *Id.*, ¶ 7.

4. All Defendants join in and consent to this Notice of Removal through the signatures of their undersigned counsel. 28 U.S.C. § 1446(b)(2).

## II. PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(2).

6. The United States District Court for the Northern District of Texas, Fort Worth Division, has original jurisdiction over this action based on diversity of citizenship because TKE is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Date Filed in State Court | Document Title |
|---|---|---|
| **Exhibit A** | N/A | Index of Documents |
| **Exhibit B** | N/A | State Court Docket Sheet (as of 9/5/2019) |
| **Exhibit B-1** | N/A | Civil Cover Sheet |
| **Exhibit B-2** | N/A | Supplemental Civil Cover Sheet |
| **Exhibit B-3** | N/A | Certificate of Interested Persons for TKE |
| **Exhibit B-4** | N/A | Certificate of Interested Persons for Mason |
| **Exhibit B-5** | 5/15/2019 | Plaintiff's Verified Petition for Oral Deposition in Anticipation of Suit Pursuant to Rule 202 TRCP |

| **Exhibit** | **Date Filed in State Court** | **Document Title** |
|---|---|---|
| **Exhibit B-6** | 5/15/2019 | Notice of Hearing on Verified Petition for Oral Deposition in Anticipation of Suit Pursuant to Rule 202 TRCP |
| **Exhibit B-7** | 5/30/2019 | thyssenkrupp Elevator Corporation's Response in Opposition to Petitioner's Verified Petition for Oral Deposition Before Suit Pursuant to Rule 202 TRCP |
| **Exhibit B-8** | 5/31/2019 | Notice of Hearing on Amended Verified Petition for Oral Deposition in Anticipation of Suit Pursuant to Rule 202 TRCP |
| **Exhibit B-9** | 5/31/2019 | Plaintiff's Amended Verified Petition for Oral Deposition in Anticipation of Suit Pursuant to Rule 202 TRCP |
| **Exhibit B-10** | 6/14/2019 | thyssenkrupp Elevator Corporation's Response in Opposition to Petitioner's Amended Verified Petition for Oral Deposition Before Suit Pursuant to Rule 202 TRCP |
| **Exhibit B-11** | 6/17/2019 | Order Granting Plaintiff's Amended Verified Petition for Oral Deposition Before Suit Pursuant to Rule 202 TRCP |
| **Exhibit B-12** | 8/6/2019 | Plaintiff's First Amended Petition for Damages, Jury Demand, and Request for Disclosures |
| **Exhibit B-13** | 8/7/2019 | E-Serve Citation Request |
| **Exhibit B-14** | 8/7/2019 | Citation Issued on Randal J. Mason on August 9, 2019 |
| **Exhibit B-15** | 8/15/2019 | Return of Service on Randal J. Mason |
| **Exhibit B-16** | 8/20/2019 | Order Setting Case for a Scheduling Conference the Week of October 14, 2019 |
| **Exhibit B-17** | 8/26/2019 | Oral and Videotaped Deposition of Rhonda Powledge |
| **Exhibit B-18** | 9/5/2019 | Defendant thyssenkrupp Elevator Corporation's Original Answer to Plaintiff's First Amended Petition |
| **Exhibit B-19** | 9/5/2019 | Defendant Randal J. Mason's Original Answer to Plaintiff's First Amended Petition |
| **Exhibit C** | N/A | 2019 thyssenkrupp Elevator Corporation Public Information Report filed with the Texas Secretary of State |

| **Exhibit** | **Date Filed in State Court** | **Document Title** |
|---|---|---|
| **Exhibit D** | N/A | Screen capture of thyssenkrupp Elevator Corporation's Entity Details on the Delaware Department of State: Division of Corporations Website from September 4, 2019. |

8.   In connection with the filing of this Notice of Removal, Defendants are giving written notice thereof to Plaintiff and filing a copy of the Notice of Removal in the 17th Judicial District Court, Tarrant County, Texas, pursuant to 28 U.S.C. § 1446(d).

### III.  DIVERSITY JURISDICTION

10.   If the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). This action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs, and complete diversity exists because Plaintiff is not a citizen of the same state as TKE. Although Mason is a citizen of the same state as Plaintiff, Mason's citizenship should be disregarded because he is improperly joined in the State Court Action.

**A.     The Amount in Controversy is Satisfied.**

11.   When a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

12.     Here, Plaintiff affirmatively pleaded in the Petition that she is seeking monetary relief in excess of $1,000,000. *See* Ex. B-12 ¶ 7.  Furthermore, the nature of Plaintiff's alleged injuries makes it apparent from the face of the Petition that her claims are likely to exceed $75,000, exclusive of interest and costs.  *Id*. at ¶ 17. Thus, the amount in controversy requirement has been satisfied.

**B.     Plaintiff and Defendant TKE are Completely Diverse.**

13.     Plaintiff is a natural person, so her citizenship for diversity purposes is determined by "where [she is] domiciled, that is, where [she has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas. *See* Ex. B-12 ¶ 2. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

14.     TKE is a corporation organized under the laws of Delaware and has its principal place of business in Fulton County, Georgia. *See* Exs. C, D. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Thus, TKE is a citizen of both Delaware and Georgia for diversity purposes.

15.     Mason is a natural person and is domiciled in Texas. *See* Ex. B-12 ¶ 4. Therefore, Mason is a citizen of Texas for diversity purposes. However, as shown below, Mason's citizenship should be disregarded because Mason was improperly joined as a Defendant in the State Court Action.

C.   **Defendant Mason has been Improperly Joined.**

16.   Although Mason is a citizen of Texas, Mason's citizenship does not defeat the jurisdiction of this Court. Mason was improperly joined as a Defendant for the sole purpose of defeating TKE's right to remove this action to federal court and his citizenship should therefore be disregarded by this Court.

17.   "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). The test for improper joinder in the absence of fraud in the pleadings is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "A mere theoretical possibility of recovery will not suffice." *Fugitt v. Walmart Stores, Inc.*, No. 3:15-CV-2145-B, 2015 WL 7352194, at *2 (N.D. Tex. Nov. 19, 2015).

18.   Plaintiff's Petition alleges a single cause of action for negligence against both TKE and Mason. Plaintiff asserts that TKE, "and its employees and agents, including MASON, violated their duties to exercise reasonable care in the performance if its services of providing 'regular and systematic testing, examination, adjustment, lubrication, cleaning, repair, and replacement of worn components' for elevator #29 at JPS Hospital." Ex. B-12 ¶13. Plaintiff alleges that TKE's failure to properly lubricate the brake sleeve and core on elevator #29 caused the brake pin to become "frozen," and Plaintiff further alleges that TKE failed "to inspect, notice, and replace the brake shoes timely before excessive wear prevented safe operation of the

elevator car." *Id.* Plaintiff contends that these negligent acts by TKE created a foreseeable risk of an unreasonably dangerous condition, and proximately caused Plaintiff's injury by elevator #29. *Id.*

19. Plaintiff acknowledges that Mason is an employee or agent of TKE and alleges that TKE is responsible for Mason's alleged actions or omissions under the doctrine of *respondeat superior. Id.* at ¶ 14. Crucially, Plaintiff makes no distinction between TKE or Mason in the Petition; in particular, Plaintiff identifies no independent duty breached by Mason apart from TKE's duty to maintain or inspect elevator #29.

20. "Under Texas law, negligence consists of four essential elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury." *Gutierrez v. Excel Corp.*, 106 F.3d 683, 687 (5th Cir. 1997) (citing *Skipper v. United States*, 1 F.3d 349, 352 (5th Cir. 1993)). "The threshold inquiry in a negligence case is duty." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)).

21. Under Texas substantive law, "a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). "[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see also Ameen v. Merck & Co., Inc.*, 226 F. App'x 363, 374 (5th Cir. 2007). "The existence of a legal duty is a question of law for the court to decide, and that determination is

made 'from the facts surrounding the occurrence in question.'" *Tri*, 162 S.W.3d at 563 (quoting *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994)).

22. According to Plaintiff's own allegations, Mason's acts or omissions with regard to elevator #29 were undertaken within the scope of his employment by TKE. Plaintiff has failed to plead that Mason breached an independent duty of reasonable care owed to the Plaintiff apart from TKE's duty. Indeed, Plaintiff alleges that TKE is responsible for Mason's acts and omissions, as TKE's employee, under the doctrine of *respondeat superior*. *See* Ex. B-12 ¶ 14. "Such undifferentiated allegations are insufficient to support a finding that [the employee] individually owed [plaintiff] a duty of care." *Fugitt*, 2015 WL 7352194, at *4 (citing *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008)). Absent an independent legal duty owed by Mason to Plaintiff, Plaintiff has no possibility of recovery against Mason—the only non-diverse Defendant in the State Court Action.

23. In similar circumstances, courts in this District have held on multiple occasions that removal is proper—and remand is improper—when there was no possibility of recovery on negligence claims against non-diverse individual employees in the absence of a duty by the employee to the plaintiff independent of the employer; in other words, any alleged breaches of a duty by the employee would constitute a breach by the employer acting through the employee, so the plaintiff cannot recover against the employee. *See, e.g.*, *Lindsey v. Walmart Stores, Inc.*, No. 3:10-CV-1587-L, 2010 WL 4860789, at *8 (N.D. Tex. Nov. 30, 2010) (denying motion to remand, citing *Tri* and *Leitch* in concluding that joinder of non-diverse Walmart employee on negligence theory was improper because "[t]he duties that Plaintiff contends were breached were those of Wal-Mart, and any breach by [the employee] would constitute breach by Wal-Mart acting through its agent or employee"); *Fugitt*, 2015 WL 7352194, at *4; *McCarty v. Hillstone*

*Rest. Grp.*, No. 3:15-CV-518-L, 2015 WL 4920013, at *4 (N.D. Tex. Aug. 18, 2015); *Peters v. Corona*, No. 3:18-CV-1918-B, 2018 WL 6019809, at *2 (N.D. Tex. Nov. 16, 2018).

24. The United States Court of Appeals for the Fifth Circuit has affirmed district courts' denials of motions to remand when non-diverse employee defendants in tort actions were found not to owe a duty independent of their employer. *See, e.g.*, *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 315 (5th Cir. 2002).

25. Plaintiff's sole purpose for joining Mason as a Defendant was to prevent TKE from removing the State Court Action to federal court on the basis of diversity jurisdiction. Thus, Mason was improperly joined in the State Court Action, Mason's citizenship does not defeat the jurisdiction of this Court, and Mason's citizenship should be disregarded for purposes of evaluating the complete diversity of the parties. *See, e.g.*, *Allen*, 907 F.3d at 182; *Great Plains Tr. Co*, 313 F.3d at 315; *Peters*, 2018 WL 6019809, at *2; *McCarty*, 2015 WL 4920013, at *4; *Lindsey*, 2010 WL 4860789, at *8.

## IV. CONCLUSION

WHEREFORE, Defendants remove this action from the 17th Judicial District Court, Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: */s/ Alan L. Rucker*
Alan L. Rucker
State Bar No. 00788330
*arucker@mayerllp.com*
Seth Sloan
State Bar No. 24098437
*ssloan@mayerllp.com*
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 379-6900
(214) 379-6933 (Fax)

**ATTORNEYS FOR DEFENDANTS RANDAL J. MASON AND THYSSENKRUPP ELEVATOR CO.**


*/s/ Anne M. Johnson*
Anne M. Johnson
State Bar No. 00794271
*Anne.Johnson@haynesboone.com*
Jason N. Jordan
State Bar No. 24078760
*Jason.Jordan@haynesboone.com*

HAYNES AND BOONE, LLP
2323 Victory Avenue, Ste. 700
Dallas, TX 75219
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR DEFENDANT THYSSENKRUPP ELEVATOR CO.**

**CONSENT TO REMOVAL**

This certifies that Defendant Randal J. Mason consents to the removal of this action. By doing so, Mason does not waive any defenses or other claims he can assert herein. Moreover, this consent does not constitute an appearance in this matter and does not waive the issue of whether Mason is subject to personal jurisdiction.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Alan L. Rucker*　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Alan L. Rucker


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record via e-mail and U.S. Mail in accordance with the Federal Rules of Civil Procedure on this 5th day of September 2019:

Frank L. Branson
*fbranson@fbranson.com*
Kern A. Lewis
*klewis@fbranson.com*
THE LAW OFFICES OF FRANK L. BRANSON, P.C.
Highland Park Place
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205

　　　　　　　　　　　　　　　　　　　　　　*/s/ Anne M. Johnson*　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Anne M. Johnson