U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 21 2019

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARREN STRATFORD, BY NEXT FRIEND JACKSON NYAMWAYA, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:19-CV-706-A |
| THYSSENKRUPP ELEVATOR CO., ET AL., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Carren Stratford, by next friend Jackson Nyamwaya, to remand. The court, having considered the motion, the response of defendants, Thyssenkrupp Elevator Co. ("TKE") and Randal J. Mason ("Mason"), the reply, the record, and applicable authorities, finds that the motion should be denied.

I.

Background

On August 6, 2019, plaintiff filed her first amended petition against defendants in the District Court of Tarrant County, Texas, 17th Judicial District. Doc.[1] 11. Plaintiff, who was seriously injured as the result of an elevator malfunction at the hospital where she worked, alleged that such malfunction

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

occurred due to the negligence of TKE, the company contracted to service the elevator, and Mason, the TKE employee assigned to inspect and maintain the elevator. Id. at 5-6.

On September 5, 2019, defendants filed their notice of removal, bringing the action before this court. Doc. 1. Defendants assert that removal was appropriate because the court had diversity jurisdiction. Id. at 5. The amount in controversy exceeds $75,000. Id. at 5-6; Doc. 11 at 2. TKE is a citizen of Delaware and Georgia, while plaintiff and Mason are citizens of Texas. Doc. 1 at 6. Defendants argue that Mason's citizenship does not defeat diversity jurisdiction because he has been improperly joined because plaintiff failed to plead that Mason breached an independent duty of care. Id. at 7-8.

II.

Grounds of the Motion

Plaintiff asserts that joinder of Mason is proper because plaintiff adequately pleaded that Mason breached a duty independent from TKE's and therefore could be found liable in state court. Doc. 8 at 12.

III.

Applicable Legal Principles

A.  Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[2] "The removing party bears the burden of showing that federal [subject matter] jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[2] The removal statute provides, in pertinent part, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

B.  Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citation omitted). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis of the complaint or (2) in rare cases and at the court's discretion, "pierce the pleadings and conduct a summary inquiry" if the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." Id. at 573-74.

IV.

Analysis

The court concludes that plaintiff lacks any possibility of recovery against Mason, and therefore, plaintiff's motion for

4

remand should be denied. Under Texas law, an employee cannot be found personally liable for breaching a duty owed by his employer and instead must breach an independent duty. Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996); Tri v. J.T.T., 162 S.W.3d 552, 562 (Tex. 2005). Here, Mason did not owe an independent duty.

The petition demonstrates that Mason's duty did not exist independently of TKE's. The court identifies only two paragraphs in the petition regarding Mason's duties, both of which equate his duties to TKE's. Paragraph 9 explains TKE's obligations to maintain the elevator, states that Mason was TKE's agent "primarily responsible for the safety, maintenance and repair" of the elevator, and concludes that "[TKE] and MASON knew, or should have known, that members of the public . . . would rely on the performance of these obligations by [TKE] and MASON." Doc. 11 at 3. The relevant part of paragraph 13 states, "On the occasion in question, Defendants [TKE] and its employees or agents, including MASON, violated their duties to exercise reasonable care in the performance of its services of providing regular and systematic testing, examination, adjustment, lubrication, cleaning, repair and replacement of worn components for elevator #29 at JPS Hospital." Id. at 5 (quotation omitted). Undifferentiated allegations like those in the petition are insufficient to support a finding that an employee owed an independent duty of

care. Ruth v. Wal-Mart Stores, Inc., No. 10-cv-641-F, 2010 WL 11619027, at *3 (N.D. Tex. June 24, 2010); Peters v. Corona, No. 3:18-CV-1918-B, 2018 WL 6019809, at *3 (N.D. Tex. Nov. 16, 2018); Fugitt v. Walmart Stores, Inc., No. 3:15-CV-2145-B, 2015 WL 7352194, at *4 (N.D. Tex. Nov. 19, 2015); Bourne v. Wal-Mart Stores, Inc., 582 F. Supp.2d 828, 838 (E.D. Tex. 2008).

In her brief in support of the motion for remand, plaintiff argues that Mason assumed an independent duty because he was an active participant in the events predicating plaintiff's claims. Doc. 8 at 12-15. To support this assertion, plaintiff cites Leyendecker & Assocs., Inc. v. Wechter, 683 S.W.2d 369 (Tex. 1984), where an employer and employee were found jointly and severally liable for a libelous letter penned by the employee. Doc. 8 at 15. However, although an employee may be personally liable in Texas for his participation in intentional torts committed within the scope of his employment, he is generally not liable for his nonfeasance or omission of duty in the course of his employment. Mayflower Inv. Co. v. Stephens, 345 S.W.2d 786, 795 (Tex. Civ. App. 1960).

Plaintiff also provided an affidavit of plaintiff's counsel, Doc. 9 at 2-9, to "amplif[y] and clarif[y] the allegations in the First Amended Petition." Doc. 8 at 21. Although the court may, at its discretion, consider the factual allegations contained in the

6

affidavit, the affidavit provides no facts to show that Mason had an independent duty. Smallwood, 385 F.3d at 573-74; Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995). Instead, it lends further support to the notion that Mason "was an active participant in the acts or omissions which caused [plaintiff's] injuries." Doc. 9 at 6. However, as previously noted, the question is not whether the Mason participated in his employer's negligence, but rather whether he breached an independent duty.

The affidavit also alleges that Mason owed an independent duty based on the Texas Health and Safety Code's regulation of contractors who work on elevators, escalators, and related equipment. Doc. 9 at 7-8. However, plaintiff's petition states that TKE, and not Mason, contracted with the hospital to service the elevators, making TKE the sole contractor. Doc. 11 at 3. Further, the Texas Health and Safety Code explicitly excludes a contractor's employees from its definition of "contractor." Tex. Health & Safety Code Ann. § 754.011. ("The term does not include an employee of a contractor . . ."). Because Mason was not a contractor under the Texas Health and Safety Code, he did not owe an independent duty based on the Code's provisions cited in the affidavit.

7

V.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiff's claims and causes of action against Mason be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims and causes of action against Mason.

SIGNED November 21, 2019.

_____
JOHN McBRYDE
United States District Judge