



IN THE UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARREN STRATFORD, BY NEXT FRIEND JACKSON NYAMWAYA | § § § | |
| Plaintiff | § § § | |
| v. | § | No. 4:19-cv-706-A |
| THYSSENKRUPP ELEVATOR CO. and RANDAL J. MASON | § § § § | |
| Defendants | § § | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Plaintiff CARREN STRATFORD, by her Next Friend Jackson Nyamwaya, and files this her second Amended Complaint against Defendants THYSSENKRUPP ELEVATOR CORPORATION and RANDAL J. MASON, and in support thereof, Plaintiff states the following:

**A. PARTIES**

1. Plaintiff CARREN STRATFORD is a citizen of the state of Texas residing at 38740 Foxhound Lane, Fort Worth, Texas 76021. Her adult son Jackson Nyamwaya is qualified to bring this action on her behalf as Next Friend pursuant to Fed. R. Civ. P. 17(c)(2).

2. Defendant THYSSENKRUPP ELEVATOR CORPORATION ("THYSSENKRUPP") is a Delaware company with its principal place of business at 114 Townpark Drive NW, Ste 300, Kennesaw, Georgia, 30144. THYSSENKRUPP has previously appeared and answered in this proceeding through legal counsel.

3. Randal J. Mason is an individual who is a citizen of the State of Texas. He has been served with process at his residence address of 817 Basket Willow Terrace, Haslet, Texas 76052.[1]

B. **JURISDICTION AND VENUE**

4. This Court lacks jurisdiction over this action because there is not complete diversity between the Plaintiff and former Defendant Mason as required under 28 U.S.C. §1332(a)(1) because both are citizens of the State of Texas. Should Mason become a party to this action in the future it destroys the complete diversity on which basis Defendant TKE asserts jurisdiction is proper.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

C. **FACTUAL SUMMARY**

6. Plaintiff's claims arise out of an elevator malfunction that occurred on January 20, 2019 at John Peter Smith Hospital in Tarrant County, Texas.

7. Beginning in 2014, and again in 2017, the Tarrant County Hospital District d/b/a JPS Health Network contracted with THYSSENKRUPP ELEVATOR CORPORATION to service and maintain the elevator equipment at JPS Hospital. By such agreement, Defendant THYSSENKRUPP, which is in the business of elevator installation, service and maintenance,

---

[1] Plaintiff asserted claims of negligence against Mason in the state court action. On November 21, 2019, after removal, the Court entered a final judgment of dismissal of claims against Mason without prejudice. Plaintiff intends to appeal the dismissal of claims against Mason. However, in accordance with the Court's order, Mason is no longer a "Defendant" and Plaintiff will not refer to him as such, but in doing so, Plaintiff does not intend to abandon or waive its position that Mason was a proper party at the time of removal.

assumed legal duties to the hospital and the general public to maintain the elevators in a safe and working condition including providing a "complete" and "preventive continuing system of programmed preventive maintenance" for JPS elevators. THYSSENKRUPP promised to provide "maintenance of the highest quality" and to "regularly and systematically test, examine, adjust, lubricate, and if conditions warrant, clean, repair, or replace components." (2017 Contract, Section 2.51; Preventive Maintenance Service, Section 1.02). THYSSENKRUPP agreed that "[i]t is the responsibility of [Thyssenkrupp] to maintain all equipment in safe operating condition as required by law or regulation." (Section 2.5.3). The itemization of equipment covered by the agreement specifically included the "brake pulley, brake coil, brake contact, linings and component parts." (Section 3.0(a)). Section 3.4.1(b) required THYSSENKRUP to monthly inspect the brake operation and adjust as required for proper operation. Such agreement and obligations were in effect on the date of the event in question.

8. For the approximate one-year period prior to the event in question, Randal Mason was the employee or agent of THYSSENKRUPP assigned by it to be primarily responsible for the safety, maintenance and repair of the elevators at JPS Hospital.

9. THYSSENKRUPP and Mason knew, or should have known, that members of the public and staff at JPS, such as Carren Stratford, would rely on the performance of these obligations by THYSSENKRUPP and Mason.

10. CARREN STRATFORD, age 56, was working as a nurse at John Peter Smith Hospital. On the morning of January 20, 2019, Nurse Stratford was on the 10th Floor of the hospital and pushed the call button for an elevator to go up. Elevator #29 arrived at the 10th floor and its doors opened for her to enter. As Nurse Stratford crossed the threshold entering the elevator car, it began to move upward causing her to lose her balance and fall. Her body was positioned by the

fall so that from the waist down she was inside the elevator car, and the top half of her body was outside the car. The car continued upward with its doors open and with her body face down across the threshold at the waist. As the car rose, she was folded downward at the waist by the upper frame of the door as the floor of the elevator car met the top of the doorway opening. The elevator car continued to rise until her body was wedged in the 4-inch space between the elevator car and the wall of the elevator shaft. Because of the force of the upward moving car, Nurse Stratford sustained serious physical injuries to her body. It took rescue personnel approximately 10 minutes to free her. During that time, Nurse Stratford was crushed, unable to breathe, and her circulation was compromised, depriving her brain of oxygen and causing her to sustain an anoxic brain injury. When she was freed from her position of entrapment, she was pulseless, and CPR was begun. She arrived in the emergency room with a GCS score of 3/15 and was intubated. It was not until after approximately 10-15 minutes of CPR, that restoration of spontaneous circulation was finally achieved.

11. As a result of the event, Nurse Stratford has suffered serious and permanently disabling injuries for which she will require medical care for the remainder of her life. As of the date of this complaint, over 10 months after the event in question, Nurse Stratford remains totally disabled and a patient in a brain injury rehabilitation facility.

12. Pursuant to the authority and obligations imposed on it by law, the Texas Department of Licensing and Regulation (TDLR) conducted an investigation into the causes of the event in question. The department utilized experts in elevator operation and maintenance to examine and test the component equipment of elevator #29.

13. The TDLR made factual findings in its report that the malfunction of the elevator was due to a brake failure where the brake coil actuating pin was in a "frozen" state due to lack of

lubrication; the left hand brake shoe was "worn down and into the rivets" and the "right hand shoe was also worn down and past the point of needing replacement." The report found: "From observations on site and during the brake assembly testing, all factors indicate the brake shoes did not set when the elevator came to rest at the tenth floor. The brakes' failure to set was due primarily to the brake shoes not setting firmly on the brake pulley and the actuating pin bottoming out against the brake core." The report also found: "The worn brake shoes and frozen pins illustrated a lack of routine maintenance and equipment checks. There were no visible signs of lubrication on the brake sleeve and core. Equipment of this type requires more frequent maintenance intervals and diligence in scrutinizing electro-mechanical integrity."

14. The TDLR has filed an administrative complaint against THYSSENKRUPP for the deficiencies in the maintenance of the equipment.

**D. NEGLIGENCE**

15. Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

16. In addition to the duties imposed by the contract between THYSENKRUPP and JPS (via the Hospital District), the State of Texas regulates the maintenance of elevators. The State of Texas adopted elevator safety standards in Chapter 754 of the Texas Health and Safety Code, Chapter 74 of Title 16 Texas Administrative Code and ASME Codes A17.1, A17.3, A18.1 and ASCR Code 21.

17. On the occasion in question, Defendant THYSSENKRUPP and its employees or agents, including Mason, violated their duties to exercise reasonable care in the performance of its services of providing "regular and systematic testing, examination, adjustment, lubrication, cleaning, repair and replacement of worn components" for elevator #29 at JPS Hospital.

18. Such negligence includes, but was not limited to:

a. a failure to lubricate the brake sleeve and core on elevator 29 which caused or contributed to the brake pin becoming "frozen";

b. a failure to inspect, notice and replace the brake shoes timely before excessive wear prevented safe operation of the elevator car;

c. A failure to maintain the elevator and driving machine brake in accordance with ASME Code A17.1;

d. Other acts or omissions, which may be revealed during the course of discovery.

These failures, singularly or in combination with others, created a foreseeable risk of an unreasonably dangerous condition, and a manifestation of that unreasonably dangerous condition, that the public, including Nurse Stratford, was exposed to, and which proximately caused the event in question and damages to Plaintiffs.

19. Mason completed the "Traction Elevator Maintenance Tasks and Records" log in a manner which indicated that the required maintenance had been performed on a monthly basis, specifically marking to indicate them to reflect monthly maintenance and inspections of the brakes on elevator 29 in each of the preceding twelve months prior to the event in question, when the condition of those components, as reflected in the state inspection, reveals that such maintenance had not been performed.

20. THYSSENKRUPP failed to adequately supervise Mason and his work, and had it done so, it would have known the required maintenance was not being performed as represented and the dangerous conditions created would have been prevented.

21. Mason's failure to maintain the elevator equipment, including the failure to lubricate the brake core and replace the worn brake shoes, created a dangerous condition for the

foreseeable riders of the elevators who would benefit from such maintenance, which included the hospital staff (and Plaintiff), patients and general public visitors at the JPS hospital, a public building.

22. Mason is the employee or agent of THYSSENKRUPP, which is therefore responsible for his actions or omissions under the doctrine of respondeat superior.

23. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Nurse Carren Stratford's injuries and damages.

### E. GROSS NEGLIGENCE

24. The duties of THYSSENKRUPP under the contract in question and the laws of the State of Texas controlling the maintenance of elevators were nondelegable or absolute duties of THYSSENKRUPP. Accordingly, Mason was a vice principal of THYSEENKRUPP in his performance of the maintenance of elevator 29.

25. The acts and omissions of Defendant, directly and through its vice principal Mason, when viewed objectively from the actor's standpoint, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

26. Mason had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others.

### F. DAMAGES, COSTS, AND INTEREST

27. Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

28. As a direct proximate result of the negligent acts described above and/or omissions on the part of Defendants, Nurse Stratford has suffered bodily injuries and damages as generally

described herein and in more completely described in her medical records. Accordingly, Plaintiff seeks the following damages:

1. <u>Medical Expenses</u>: Nurse Stratford has incurred medical expenses in the past. These expenses were incurred for reasonable and necessary care and treatment of her injuries. The charges incurred are reasonable and were the usual and customary charges for the same or similar services at the time and place rendered. Nurse Stratford also expects to incur reasonable and necessary medical expenses in the future in an amount within the jurisdictional limits of this Court;

2. <u>Physical Impairment, Disfigurement and Loss of Earnings</u>: Nurse Stratford has suffered physical and mental impairment in the past and will continue to suffer physical and mental impairment in the future. She has also been physically disfigured by her injuries. Further, as a result of such physical impairment, she has sustained a loss of earnings in the past and a loss of earning capacity in the future;

3. <u>Physical Pain and Suffering</u>: Nurse Stratford has endured physical pain and suffering in the past and will continue to endure severe physical pain and suffering in the future;

4. <u>Mental Anguish</u>: Nurse Stratford has endured severe mental anguish in the past and will continue to endure severe mental anguish in the future;

By reason of the above and foregoing, Carren Stratford has been damaged in a sum within the jurisdictional limits of this Court, for which Plaintiff hereby sues.

29. The gross negligence of THYSSENKRUP, directly and through its vice principal Mason, entitles Plaintiff to exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code, for which Plaintiff also sues.

30. Plaintiff also seeks recovery for all costs of court and prejudgment and post-judgment interest at the maximum rates allowed by law.

## JURY DEMAND

31. Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants and award Plaintiff the following relief:

(i) A sum of money—as determined by a jury to be fair and reasonable—within the jurisdictional limits of this Court for the actual, compensatory and exemplary damages indicated above;

(ii) Pre-judgment and post-judgment interest at the maximum amount allowed by law;

(iii) Costs of suit; and

(iv) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted:

Kern A. Lewis
Texas Bar No. 12295320
*klewis@flbranson.com*

Frank L. Branson
Texas Bar No. 02899000
*flbranson@flbranson.com*

THE LAW OFFICES OF
FRANK L. BRANSON, P.C.
Highland Park Place
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205
(214) 522-0200 [Telephone]
(214) 521-5485 [Facsimile]

William L. Kirkman
Texas Bar No. 11518700
billk@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Ste 1160
Fort Worth, Texas 76102
(817) 336-2800 [Telephone]
(817) 877-1863 [Facsimile]

>Michael C. Smith
>State Bar No. 18650410
>michaelsmith@siebman.com
>Siebman, Forrest, Burg & Smith, LLP
>113 E. Austin Street
>Marshall, Texas 75670
>(903) 938-8900 [Telephone]
>(972) 767-4620 [Facsimile]
>
>ATTORNEYS FOR PLAINTIFF
>CARREN STRATFORD, BY HER NEXT
>FRIEND, JACKSON NYAMWAYA

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, this will certify that on December 6, 2019, a true and correct copy of this Amended Complaint was served on the following by email and by first-class mail.

Alan L. Rucker
Mayer LLP
750 N St. Paul Street, Suite 700
Dallas, TX 75201

Anne Johnson
Jason N. Jordan
Haynes and Boone, LLP
2323 Victory Ave, Suite 700
Dallas, Texas 75219

_____
Kern A. Lewis