CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2020 FEB -7 PM 2:57

DEPUTY CLERK _PJ_
CTJ

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARREN STRATFORD, BY NEXT FRIEND JACKSON NYAMWAYA § § § § *Plaintiff* § § v. § § THYSSENKRUPP ELEVATOR CO. § and RANDAL J. MASON § § Defendants § | No. 4:19-cv-706-A |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Courts December 23rd, 2019 Order (Dkt. No. 21), Plaintiff Carren Stratford, by her Next Friend Jackson Nyamwaya, (Plaintiff or Stratford) and Defendant Thyssenkrupp Elevator Corporation (Defendant or TKE) hereby file this their Joint Status Report and Proposed Discovery Plan.

1. **A brief statement of the nature of the case, including the contentions of the parties.**

### *Plaintiff's Position*

Carren Stratford was seriously and permanently injured on January 20, 2019 while working as a nurse at John Peter Smith Hospital – Fort Worth (JPS) when she was crushed by a malfunctioning elevator. The elevator malfunction was caused by the negligent and grossly negligent failure to inspect and maintain the elevator and it's braking system in a safe operating condition. Defendant Thyssenkrupp Elevator Corporation had contracted with the Tarrant County Hospital District to inspect and maintain the elevator in conformity with applicable laws, codes and standards. A post event inspection by the Texas Department of Licensing and Regulation concluded that the malfunction was a result of a lack of routine maintenance, including failure to lubricate the brake coil and replace the brake shoes which were "past the point of needing replacement" at the time of the event.

Carren Stratford, 57 years old, remains in a brain injury rehabilitation facility at the time of this report. Stratford seeks her actual damages, exemplary damages, pre- and post-judgment interest, and such other relief to which she may be entitled under the law.

### *Defendant's TKE's Position*

Defendant ThyssenKrupp Elevator Corporation ("TKE") was a party to a maintenance agreement with the Tarrant County Hospital District ("TCHD") to regularly and systematically inspect, maintain, repair and replace the elevator systems and their component parts as conditions warranted.

TKE believes the evidence will show that it acted with that degree of care that would be used by a company of ordinary prudence under the same or similar circumstances in this case. TKE committed considerable manpower and resources to maintaining the old and outdated elevators, including the elevator in question. TCHD also contracted with the elevator consulting firm, Lerch Bates, beginning in 2017 to assess the operational performance and reliability of the elevators on the premises, the level of maintenance being provided by TKE, the remaining useful life of the equipment and to provide budget planning and a projected timeline for replacement of TCHD's elevators. Lerch Bates concluded prior to the incident that the level of maintenance provided by TKE was "above average" and that the elevator in question, as well as other elevators, needed to be replaced. The annual inspection required by the Texas Department of Licensing and Regulation ("TDLR") was performed on the elevator in April 2018 pursuant to TDLR requirements. A licensed state qualified elevator inspector ("QEI") witnessed the annual test and passed the elevator without any violations or other issues noted regarding the brake. All of these factors support TKE's contention that it was not negligent and did not cause the Plaintiff's incident.

2.   **Any challenge to jurisdiction or venue.**

Plaintiff has challenged the Court's diversity jurisdiction and the dismissal of claims against Randal Mason, the non-diverse Thyssenkrupp mechanic who performed the

maintenance on the elevator in question. That challenge is currently pending under No. 19-11347, United States Court of Appeals, Fifth Circuit.

3. **Any pending or contemplated motions (including the dates of filing motions and responses), an estimate of time needed to file any contemplated motion and a description of anticipated motions.**

   *Defendant TKE's Position:*

   Plaintiff's counsel has committed to providing complete sets of medical records from all of Plaintiff's medical providers as soon as is possible in the case and providing updated medical records as soon as those can be obtained. Defendant TKE will determine if it believes an independent mental and physical examination of Carren Stratford is required as soon as possible after receipt of a complete set of medical records from Plaintiff's counsel. Defendant TKE would, therefore, respectfully reserve the right to file a motion under Federal Rule of Civil Procedure 35 or similar motion for a physical and mental examination of Carren Stratford after review of the medical records provided by Plaintiff's counsel.

   Defendant TKE also contemplates filing a motion for summary judgment with regard to Plaintiff's cause of action for gross negligence.

   If the gross negligence claim survives the summary judgment, TKE may file a motion to bifurcate the jury trial with respect to that issue.

   Defendant TKE will remove any claims filed by Plaintiff Carren Stratford's adult children, Jackson Nyamwaya and Jemimah Stratford, in state court to federal court. A motion to consolidate those claims into this case will also be filed.

4. **Any matters which require a conference the court.**

   *Defendant TKE's Position:*

Defendant requests a conference with the Court to discuss a potential case schedule that will accommodate the need to address unique procedural and logistical issues in the case and which could also foster settlement of the case. See paragraph 6 below for matters which require a conference.

5. **Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties.**

Plaintiff Carren Stratford's adult children, Jackson Nyamwaya and Jemimah Stratford, have individual claims for loss of parental consortium which Plaintiff contends would be properly joined. However, in order to avoid an argument of waiver of claims against Randal Mason, individually, or any argument that such intervenors have voluntarily invoked federal diversity jurisdiction, which is being contested, by directly asserting claims only against TKE in this case, Nyamwaya and Stratford believe it is necessary to file their claims in state court and, if such claims are removed, have such claims consolidated into this case. Such claims will be filed in the state court within the next two weeks so that any removal and consolidation will not operate to delay this case.

*Defendant TKE's Position*:

Defendant TKE will remove any claims filed by Plaintiff Carren Stratford's adult children, Jackson Nyamwaya and Jemimah Stratford in state court to this Court. A motion to consolidate those claims into this case will also be filed.

Defendant requests a joinder deadline no sooner than July 1, 2020

6. **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

Plaintiff has demanded a jury trial.
The parties anticipate the trial will last 5 days.

*<u>Plaintiff's Position on a trial date:</u>*

Plaintiff requests a trial date on or after October 1, 2020. Plaintiff believes all of Defendant's concerns regarding discovery can be resolved, with the exercise of reasonable diligence, by that date. Plaintiff is today providing Defendant with medical records from 3 of the 4 facilities in which Plaintiff received treatment, including Pate Rehabilitation, Fort Worth, where she has been since September 20, 2019, which reflects her current condition through December 22, 2019. Plaintiff believes Defendant can be provided the medical records from the final facility, TIRR Memorial Herman Rehabilitation in Houston, where Plaintiff was a patient from May 20, 2019 to September 19, 2019 in the very near future. Plaintiff believes that sufficient time will have passed before its proposed July 17, 2020, close of discovery, which is 17 months after her injury, for all parties to have reasonable confidence in her diagnosis.

*<u>Defendant TKE's Position:</u>*

Defendant requests a trial on or after March 2021 to potentially allow time to address unique procedural and logistical issues in the case and to foster settlement of the case. Plaintiff's counsel has informed the court and Defendant that Plaintiff intends to file loss of consortium claims on behalf of Plaintiff Carren Stratford's adult children, Jackson Nyamwaya and Jemimah Stratford, in state court against TKE and TKE's employee, Randal Mason. Defendant will remove these claims to federal court. It is anticipated that Plaintiff will file a motion to remand and that an appeal of that ruling will take place. A motion to consolidate those claims into this case will also be filed. Discovery concerning the adult children's claims will be delayed pending the various filings, rulings and potential

consolidation of these claims. This discovery is needed to allow TKE to investigate and defend against these claims.

There are also unique medical issues in this case. Defendant was provided a settlement brochure from Plaintiff's counsel on January 28, 2020 indicating that Plaintiff is undergoing complex, extensive and continuous rehabilitative care for an anoxic brain injury and other conditions. A Life Care Plan and Cost Analysis for Carren Stratford was included in the settlement brochure which contained estimates from Plaintiff's expert for the cost of future medical treatment. This is a unique case in that Plaintiff is still undergoing this complex and continuous rehabilitative treatment for a brain injury and other injuries. Plaintiff's physical and mental limitations have prevented her from providing required written authorization for release of all of her medical records. Consequently, Plaintiff's counsel has been unable to obtain a full set of Plaintiff's medical records. Additional time is needed to obtain Plaintiff's medical records. Further, the acute phase of a brain injury is approximately 18 months from the date of injury. The closer the analysis of the patient is to the 18-month point, the more accurate the long-term prognosis. Allowing time to obtain a full and current set of medical records and to potentially examine the Plaintiff closer to, and/or after, the 18-month point will allow Defendant to assess Plaintiff's condition, prognosis, potential long-term disability and potential future medical care requirements to fully assess the potential damages. Plaintiff's proposed schedule requests expert designation deadlines and a discovery deadline before this critical point. Defendant believes the potential for settlement will increase if the parties are provided time initially to obtain and exchange this medical and damage information before other discovery must take place.

Defendant requests a trial setting no sooner than March 2021 for the above reasons.

7. **Report concerning the settlement conference and related settlement matters as contemplated by the Court's order.**

On January 31, 2020, the parties participated in a mediation in Houston, Texas. The following persons were present:

- Robert "Bob" Black, Mediator

- Kern A. Lewis (lead counsel for Plaintiff), Frank L. Branson, Law Offices of Frank L. Branson; Bill Kirkman, Kirkman Law Firm, Counsel for Plaintiffs

- Jackson Nyamwaya, adult son and Next Friend for Plaintiff Carren Stratford

- Jemimah Stratford, adult daughter of Plaintiff Carren Stratford

- Alan Rucker, Mayer LLP, lead counsel for Defendant

- Scott Silitsky, Vice President Risk & Litigation Management, Legal Department-ThyssenKrupp

- John Yacoub – Representative of Defendant's Insurance Carrier, HDI Gerling

- George McMullin – Butler, Weimuller, Katz & Craig, Counsel for Tarrant County's Hospital District's worker's compensation carrier, National Casualty Corporation.

The persons at the mediation had unlimited settlement authority. The parties had a thorough discussion regarding the facts of the case and the issues that were impediments to settlement at his time. The parties were unable to reach a settlement at the mediation but were advised by the mediator that meaningful progress had been made and that he would continue to work with parties. The parties agree the case should be ordered to return to mediation following the close of discovery.

8. **A discovery plan as contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure.**

   **(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of then initial disclosures where made or will be made.**

The Parties propose that initial disclosures shall be made by March 6, 2020.

The parties agree that electronically stored data need not be produced in its native format along with other forms of document production in the case unless a party determines, after discovery ensues, that there is a specific, legitimate need for such data at which time such party can request, and/or move for production of, such data, if applicable.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

*Plaintiff's Position:*

Plaintiff believes, that with the exercise of reasonable diligence, discovery can be completed by July 17, 2020. Plaintiff anticipates discovery including depositions of witnesses to the event; Defendants agents or employees involved in the maintenance of the elevator; state inspectors and elevator experts, medical treaters and damages experts and family members of Plaintiff.

Plaintiff believes that, with the exercise of reasonable diligence, experts could be designated by May 15, 2020.

*Defendant TKE's Position:*

Defendant refers to Paragraph 6 above. Defendant TKE requests a discovery deadline no sooner than January 2021 and expert designation deadlines no sooner than November 2020. Defendant believes this is necessary because of the anticipated depositions of numerous witnesses to the incident, State inspectors, third-party consultants, third-party witnesses, liability experts and medical providers. Plaintiff's medical care is extensive and continuing. Also as stated in Paragraph 6, Carren Stratford's adult children will be added as parties to this case in the future and time is needed to conduct discovery regarding their claims. Further, as discussed in Paragraph 6, Plaintiff is still undergoing complex and continuous rehabilitative treatment for a brain injury and a determination of her condition, future prognosis, potential long-term disability and potential future medical care requirements

cannot be made until further treatment, review of a complete set of medical records and a potential independent mental and physical examination.

Discovery (including interrogatories, requests for production, third-party discovery, requests for admissions, depositions on written questions to medical providers, and oral depositions of witnesses) will be needed on all issues relevant to the claims and defenses.

The Parties request that each party be allowed 15 oral depositions. The parties request that they be permitted to increase this number by mutual agreement. If agreement cannot be reached, the party seeking to increase the number may seek leave of court in the event the party deems that additional depositions are needed.

The Parties request that each party be allowed 30 depositions on written questions. The parties request that they be permitted to increase this number by mutual agreement. If agreement cannot be reached, the party seeking to increase the number may seek leave of court in the event the party deems that additional depositions are needed.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

**The Parties make the following agreements regarding the production of documents:**

1. The parties agree that electronically stored data, in its native format, need not be produced along with other forms of document production in the case unless a party determines, after discovery ensues, that there is a specific, legitimate need for such data at which time such party can request, and/or move for production of, such data, if applicable.
2. Each document image produced shall contain sequentially ascending production (bates) number with a prefix identifying the producing party.
3. <u>Medical Records and Medical Billing Records</u>: The parties will produce such records in the form in which they are received from the provider or custodian of records. The parties agree that an affidavit concerning the cost and necessity of

services which conforms to the form requirements of Sec. 18.001, Texas Civil Practice and Remedies Code is admissible and is sufficient evidence to support a finding of fact by a judge or jury that the amount charged was reasonable or that the service was necessary. A party relying on the affidavit as evidence must serve a copy of the affidavit on each other party within 10 days of its receipt and no later than 45 days before the day on which evidence is presented, unless such affidavit is for services or care rendered within 60 days before the date on which it is offered, for which the affidavit must be served as soon as reasonably possible. If a party chooses to controvert a claim reflected by an affidavit by counteraffidavit, the party must serve a counteraffidavit on each other party within 45 days of the day the party receives a copy of the affidavit, or for care rendered in the 60 days prior to the date on which it is offered, as soon as reasonably possible. Alternately, a party may choose to controvert a claim reflected by a Sec. 18.001 affidavit by testimony of a properly designated expert witness, in which case, a counteraffidavit or controverting affidavit is not required.

The parties agree that medical charges paid by Plaintiff's workers compensation carrier shall be considered reasonable and necessary without the need for additional proof of the reasonableness and necessity of the charges.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials.**

<u>Privilege Log</u> – for any document withheld under a claim of privilege, other than attorney-client or work-product privilege, the Parties shall produce a privilege log identifying the date of the document, a privilege log bates number for the document, and a brief description of the type of document and basis for the claim of privilege. Challenges to any item on the privilege log shall be addressed with the producing party first and, if agreement cannot be reached, may be presented to the Court for determination.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties request that each party be allowed 15 oral depositions. The parties request that they be permitted to increase this number by mutual agreement. If agreement cannot be reached, the party seeking to increase the number may seek leave of court in the event the party deems that additional depositions are needed.

The Parties request that each party be allowed 30 depositions on written questions. The parties request that they be permitted to increase this number by mutual agreement. If agreement cannot be reached, the party seeking to increase the number may seek leave of court in the event the party deems that additional depositions are needed.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

*Defendant TKE's Position*:

Defendant requests that a protective order be entered governing the use of confidential information designated by the parties.

9. **Any other matters relevant to the status and disposition of the case.**

None other than as stated above.

Respectfully Submitted:

*/s/ Frank L. Branson*
Frank L. Branson
Texas Bar No. 02899000
*flbranson@flbranson.com*

Kern A. Lewis
Texas Bar No. 12295320
*klewis@flbranson.com*
THE LAW OFFICES OF
FRANK L. BRANSON, P.C.
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205
(214) 522-0200 [Telephone]
(214) 521-5485 [Facsimile]

William L. Kirkman
Texas Bar No. 11518700
billk@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Ste 1160
Fort Worth, Texas 76102
(817) 336-2800 [Telephone]
(817) 877-1863 [Facsimile]

Michael C. Smith
State Bar No. 18650410
michaelsmith@siebman.com
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin Street
Marshall, Texas 75670
(903) 938-8900 [Telephone]
(972) 767-4620 [Facsimile]

ATTORNEYS FOR PLAINTIFF
CARREN STRATFORD, BY HER NEXT
FRIEND, JACKSON NYAMWAYA

*/s/ Alan Rucker*
Alan Rucker
Texas Bar No. 00788330
*arucker@mayerllp.com*

Wade L. McClure
Texas Bar No. 13428700
wmcclure@mayerllp.com
MAYER LLP
750 N St. Paul Street
Suite 700
Dallas, Texas 75201
(214) 379-6930 [Telephone]
(214) 379-6939 [Facsimile]

Anne M. Johnson
Texas Bar No. 00794271
Anne.Johnson@haynesboone.com
Jason Jordan
Texas Bar No. 24078760
Jason.Jordan@haynesboone.com

HAYNES AND BOONE
2323 Victory Ave. Ste 700
Dallas, TX 75219
(214) 651-5000 [Telephone]
(214) 651-5940 [Facsimile]
ATTORNEYS FOR DEFENDANT
THYSSENKRUPP ELEVATOR CORP.